FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 27 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

ROBERT MOUALLEM,

Defendant.

11-CR-801-03

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On August 20, 2012, Robert Mouallem was convicted by jury verdict of all counts in a seven-count indictment. Count I charged that between March 2009 and April 2010, within the Eastern District of New York and elsewhere, Mouallem and his co-defendants conspired to commit securities fraud, in violation of 18 U.S.C. § 1348, and to violate the Travel Act for the purpose of commercial bribery, in violation of 18 U.S.C. § 1952 (a)(3)(A). *See* 18 U.S.C. § 371 ("Conspiracy to Commit Offense or Defraud the United States"). Counts II through VI charged that in 2010, Mouallem and his co-defendants knowingly and intentionally attempted to commit securities fraud in connection with the purchase and sale of common shares of Dolphin Digital Media, Inc. ("Dolphin"), in violation of 18 U.S.C. § 1348. Count VIII charged that between April 8, 2010 and April 13, 2010, Mouallem and the co-defendants intentionally used the mail and facilities in interstate and foreign commerce for the purpose of carrying on unlawful activity, specifically commercial bribery, in violation of 18 U.S.C. §§ 1952 (a)(3)(A), 2.

Mouallem was sentenced on March 11, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 30 and defendant's criminal history category to be I, yielding a Guidelines range of imprisonment of between ninety-seven and one hundred twenty-one months. The defendant disputed the application of an eighteen-point offense level enhancement for losses exceeding $2.5 million in connection with the offenses. *See* U.S.S.G. § 2B1.1(b)(1)(J); Sentencing Hr'g. Tr. at 3-33, Mar. 11, 2013; Government's Letter Regarding Sentencing as to Robert Mouallem, at 3-6, Mar. 8, 2013, ECF No. 137. For the reasons stated

orally on the record, the 18-point enhancement applies. *See* Sentencing Hr'g. Tr. at 30-31. Mouallem and his co-defendants intended and reasonably expected losses of between $3 million and $4 million through their criminal activity. *See id.*; U.S.S.G. § 2B1.1(b)(1), Application Note 3 ("[L]oss is the greater of actual loss or intended loss.").

Counts I and VII each carry a maximum term of imprisonment of five years. *See* 18 U.S.C. §§ 371, 1952 (a)(3)(A). Counts II through VI each carry a maximum term of imprisonment of twenty-five years. *See* 18 U.S.C. § 1348. Each count supports a maximum fine of $250,000. *See id.* § 3571(a), (b)(3). Forfeiture is required of any property derived from the proceeds traceable to the violation of the charged offenses. *See* 18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853(p), 2461(c).

Mouallem was sentenced to one year and one day imprisonment and three years supervised release. A special assessment of $700 was imposed. Forfeiture in the amount of $26,610 is ordered. Restitution is not required. No fine is imposed.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The crimes of which the defendant was convicted are serious. Mouallem was a stock broker and held several licenses for securities trading. Beginning in March 2009, he and his co-defendants, Pino Baldassarre and Malcolm Stockdale, devised a scheme to sell Baldassarre's and Stockdale's shares in Dolphin at inflated

prices. Their plan involved unloading the stock into the brokerage accounts of unsuspecting clients, paying a kickback to an undercover federal agent who would appear to purchase the shares for the client accounts. Mouallem assisted Baldassarre and Stockdale by brokering these trades on their behalf. He sold his co-defendants' stock and worked with the undercover agent to ensure that his sell orders matched the agent's purchase orders for the Dolphin shares at the predetermined price. The three defendants conducted five "test transactions" through which they sold a portion of the stock owned by Baldassarre and Stockdale and paid kickbacks to the undercover agent. Mouallem and his co-defendants reasonably expected losses to innocent investors of at least $3 million to $4 million. Although Mouallem did not have any leadership or supervisory role in these offenses, his involvement was crucial to their success.

Other considerations support the imposition of a non-Guidelines sentence for defendant Mouallem. Born in Baghdad, Iraq, Mouallem and his parents fled to the United States in 1960 due to religious persecution. Mouallem is a naturalized American citizen and lives near his immediate family. He was raised under modest economic circumstances by hard-working and supportive parents with whom he shares a close relationship. He takes care of his elderly parents, particularly his father who suffers from serious medical problems. *See* Sentencing Hr'g. Tr. at 122-25.

Prior to his conviction, Mouallem was employed as a financial advisor for almost eight years and earned three professional licenses. He has maintained employment throughout his adult life, largely in the business and financial services industries. Mouallem is currently employed as an enrollment specialist for a medical supplies company. He attended college but did not graduate.

Mouallem's role in the instant offenses is different from that of his co-defendants. He bears less criminal responsibility than Baldassarre and Stockdale, who expected to profit significantly from the sale of their shares in Dolphin and as a result aggressively pursued their criminal scheme. But, while Mouallem was induced by his co-defendants to join in their criminal activity, he became a willing and able participant. As a licensed securities broker, he had duties towards investors. Mouallem was involved in this scheme for less time than his co-defendants. He did not expect to receive as much pecuniary benefit as them. It is likely that his criminal behavior was aberrational.

The sentence reflects the seriousness of the offense. It will help promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A). The court would impose the same sentence whether or not the 18-point offense level enhancement applies for the amount of losses at issue in this case. See Sentencing Hr'g. Tr. at 67-68.

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: general and specific deterrence. General deterrence is achieved primarily by the term of incarceration. Those in the financial industry, especially those with fiduciary responsibilities, must know that the commission of securities fraud at the expense of innocent investors will result in incarceration.

Specific deterrence is of minimal importance in this case. The defendant is clearly remorseful for his actions and will not be a danger to the public.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: March 21, 2013
Brooklyn, New York